Page 1 of 3

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OSCAR LENTON, SR.,
    Petitioner,

vs.                                    Case No.: 4:21cv160/TKW/EMT

UNITED STATES OF AMERICA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner is serving a prison sentence imposed by the United States District Court for the Northern District of Florida in Case No. 4:02cr26-SPM (*see id.* at 1). He is currently confined at the Federal Correctional Institution in Edgefield, South Carolina (*see id.* at 12). In this action, Petitioner seeks to challenge the validity of his federal conviction (*see id.* at 1–12).

Because Petitioner is not currently incarcerated in the Northern District of Florida, this court lacks jurisdiction over the habeas petition. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *see also Diaz v. United States*, 580 F. App'x 716, 717 (11th Cir. 2014) (unpublished but cited as

persuasive authority) ("A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated.") (citing *Rumsfeld*, 542 U.S. at 443–44); *see also Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) (noting that jurisdiction for § 2241 petitions lies only in the district of confinement and finding that district court (in the district of confinement) erred in recharacterizing a § 2241 petition as a motion to vacate sentence under 28 U.S.C. § 2255 and transferring the case to the district where Garcia originally was convicted and sentenced). Here, Petitioner did not file his § 2241 petition in the District of South Carolina, which is his current district of confinement. Therefore, the undersigned recommends that the petition be transferred to that district court.

Accordingly, it is respectfully **RECOMMENDED**:

That the clerk of court be directed to transfer this case to the United States District Court for the District of South Carolina and close this case.

At Pensacola, Florida this 26th day of April 2021.

>  */s/ Elizabeth M. Timothy*
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 4:21cv160/TKW/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  4:21cv160/TKW/EMT